795 P.2d 823

**Sonny J. NIEUWENHUIS, Petitioner,**

v.

**The Honorable John F. KELLY, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–SA 90–0109.**

Court of Appeals of Arizona, Division 2, Department B.

July 24, 1990.

---

Susan A. Kettlewell, Pima County Public Defender by Leah Hamilton, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Jesse Figueroa, Tucson, for real party in interest.

## OPINION

FERNANDEZ, Chief Judge.

Petitioner Sonny J. Nieuwenhuis seeks special action relief from the trial court's sentencing order, entered after petitioner's failure to qualify for the shock incarceration program, one of the conditions of his sentence of intensive probation. Because Nieuwenhuis has no equally plain, speedy, and adequate remedy by appeal, Rule 1, Ariz.R.P. Spec. Actions, 17B A.R.S., we accept jurisdiction and grant relief in part.

## FACTS AND PROCEDURAL BACKGROUND

On April 20, 1990, Nieuwenhuis was sentenced to a three-year term of intensive probation following his conviction of one count of theft by control, a class six open-ended offense. One of the conditions of probation was completion of the shock incarceration program set forth in A.R.S. § 13–915. After Nieuwenhuis failed to qualify for the program for medical reasons, he was ordered released from the Department of Corrections to the custody of the Pima County Sheriff to await further disposition.

At a hearing on May 23, 1990, defense counsel argued that the court could not impose a jail term upon Nieuwenhuis because he had not violated any condition of his probation. Defense counsel suggested several alternatives to incarceration, such as participation in a residential drug abuse treatment program or residence with one of his relatives. The trial court acknowledged Nieuwenhuis's failure to qualify for the shock incarceration program and, not-

ing that he was resentencing Nieuwenhuis, imposed a sentence that differed from the April 20 sentence only with respect to a 90–day jail term, with 33 days of presentence incarceration credit, imposed in lieu of shock incarceration. This special action followed.

We first address the question of whether and to what extent a trial court can modify the terms of probation when a defendant fails to qualify for shock incarceration. Second, we consider whether a probationer is entitled to a hearing prior to that modification and whether the hearing conducted in the case before us satisfied Nieuwenhuis' due process rights.

## AUTHORITY TO MODIFY PROBATION TERMS

■ Faced with the dilemma of how to proceed in light of Nieuwenhuis's failure to qualify for the shock incarceration program, the trial court ultimately concluded that it was resentencing him. A comparison of the two sentencing minute entries compels us to conclude, however, that what the court actually did was to modify its prior order because of changed circumstances.

Nieuwenhuis argues that the April 20 sentence, as a final sentence, could not be altered. He also contends that the trial court lacked jurisdiction to modify his probation terms because the state never established that he had violated the terms of probation and failed to comply with Rule 27.7, Ariz.R.Crim.P., 17 A.R.S., the rule governing probation revocation. Because the procedures outlined in Rule 27.7 were not followed, Nieuwenhuis insists that his due process rights were violated. He also argues that a person who fails to qualify for shock incarceration must be treated the same as one who fails to complete the program.

The state's response is that the determination of the Department of Corrections that Nieuwenhuis did not qualify for shock incarceration was an implicit finding that he had violated his probation and that a separate revocation hearing would have been superfluous. We note, however, that the trial court must make a finding that a probationer has violated his or her probation, not the Department of Corrections. Rule 27.7. Contrary to the state's argument, we also note that the minute entry does not reflect that the court revoked his probation. The state adds, as well, that § 13–915 does not require a separate revocation hearing and contends that, in all other respects, the trial court complied with Rule 27.7 by conducting a disposition hearing.

Contrary to Nieuwenhuis' arguments, however, § 13–915 expressly recognizes the difference between one who does not qualify for the shock incarceration program and one who fails to complete the program. Subsection A provides that if an offender is determined to be ineligible for the shock incarceration program, "the offender shall be returned to the court for further disposition." The April 20 sentencing minute entry contains similar language. Subsection F, on the other hand, addresses the situation in which a probationer fails to comply with the conditions of the program. In that situation, the statute requires the probation department to petition the court for further disposition.

Because a probationer does not qualify for the program does not mean that he or she has violated probation. Nor is a violation of probation necessary before a trial court can modify probation terms. The legislature clearly intended, by the language in subsection A, that the sentencing court be given the opportunity to alter the conditions of probation in light of the failure to qualify.

■ Indeed, § 13–915(A) is in harmony with the trial court's general authority to modify probation. *State v. Rutherford*, 154 Ariz. 486, 744 P.2d 13 (App.1987). A.R.S. § 13–901(C) gives trial courts the authority to "modify or add to the conditions [of probation]...." Rule 27.2 provides that "[t]he sentencing court may modify any condition which it has imposed and any regulation imposed by a probation officer." The modification of probation is distinguishable from the alteration of a

sentence after it is imposed. A lawful or lawfully imposed sentence may not be altered after it is entered, *see* Rule 24.3, Ariz.R.Crim.P., 17 A.R.S., and *State v. Thomas,* 142 Ariz. 201, 688 P.2d 1093 (App. 1984), whereas a trial court clearly has authority to modify probation, even outside the scope of a revocation proceeding. Thus, the court's imposition of a 90–day jail sentence in lieu of the 120–day shock incarceration term was proper.

## DUE PROCESS REQUIREMENTS

Although trial courts clearly have authority to modify probation terms, due process imposes limitations on the kinds of modifications that can be made, *see Green v. Superior Court,* 132 Ariz. 468, 647 P.2d 166 (1982), and in this case, we believe, requires a hearing.

As Nieuwenhuis correctly points out, before a modification can impose a greater burden upon a probationer, there must be a finding that the individual violated the terms of probation. *Burton v. Superior Court,* 27 Ariz.App. 797, 558 P.2d 992 (1977); *see also State v. Stotts,* 144 Ariz. 72, 695 P.2d 1110 (1985) and *Green v. Superior Court, supra.* In *Burton,* Division One of this court found that the trial court had no authority to extend the probation period and require payment of restitution by an order entered 15 months after sentencing. The court noted that the trial court's wide discretion to modify probation terms is "limited by the rule of reasonableness. A reasonable basis must exist in order for the trial judge to either modify or revoke the terms of probation." 27 Ariz. App. at 800, 558 P.2d at 995. Because the state had neither alleged nor established a violation of probation, the court held that no additional burden could be imposed on the probationer.

■ Implicit in *Burton* is the determination that a probationer has a right to a hearing on probation modifications. We agree. Due process requires that a probationer be afforded notice and an opportunity to be heard on any material modification of the terms of probation. The evidence presented must establish a reasonable basis for the modification and, if an additional burden is imposed, it must be shown that the probationer violated his or her probationary terms.

■ We find that the hearing afforded in this case sufficiently protected Nieuwenhuis' due process rights. It also complied with the holding of *In re Pinal County Juvenile Action No. J–169,* 131 Ariz. 187, 639 P.2d 377 (App.1981). A petition was held to be required there in order to commence the modification process. Here, that was accomplished by the language of the statute and the April 20 sentencing order. It appears from the record that petitioner had notice of the hearing and of the modification the trial court intended to make because his counsel filed a memorandum opposing it. During the hearing, which he attended, his counsel objected to imposition of the jail term and suggested alternatives to it. No evidentiary hearing was required under these circumstances because it was undisputed that Nieuwenhuis had not qualified for the shock incarceration program.

Additionally, we find that the 90–day jail term, with credit for presentence incarceration, did not impose an additional burden upon Nieuwenhuis. Therefore, the court was not required to find that he had violated probation before it could impose the condition. Shock incarceration, as its name reflects, is incarceration. The jail term imposed results in fewer days of actual incarceration than Nieuwenhuis would have served had he completed the 120–day shock incarceration program. The trial court neither exceeded its authority nor abused its discretion in modifying the sentence.

We do find, however, that by altering the sentence so that the three-year probationary period commenced May 23 as opposed to April 20, the trial court did impose an additional burden. Therefore, the sentencing order of May 23, 1990 is modified to reflect that the probationary period commenced April 20, 1990. In all other respects, the order is affirmed.

ROLL, P.J., and HOWARD, J., concur.