PELANDER, Justice,
concurring.
¶ 32 I join in the Court’s opinion because it narrowly and correctly holds that Niekolas’ “words were not inherently likely to provoke a violent reaction by the teacher.” Supra, ¶ 1. I write separately, however, to make clear the following points.
¶ 33 Whether the constitutionality of AR.S. § 15-507 is properly analyzed under the “fighting words” doctrine, or whether the statute’s constitutional reach is limited to fighting words, are issues that are not before us and, therefore, neither addressed nor resolved by our opinion today. Rather, we decide the case on very discrete grounds, limited to the sole issue raised on review and argued by the parties: whether Niekolas’ words constitute “fighting words,” as delineated by the United States Supreme Court.
¶ 34 That issue is different from the question of whether Niekolas’ profanity-laced tirade against the teacher in a classroom setting was covered and protected by the First Amendment. As to that question, I flatly reject Niekolas’ contention at oral argument that he had a constitutional right to say what he did to the teacher. He did not. See, e.g., Morse v. Frederick, 551 U.S. 393, 400, 406 n. 2, 127 S.Ct. 2618, 168 L.Ed.2d 290 (2007) (holding that student did not have “a First Amendment right” to wield banner that said “BONG HiTS 4 JESUS” at off-campus, school-approved event, and noting that “First Amendment rights are ‘applied in light of the special characteristics of the school environment’ ”) (quoting Tinker v. Des Moines Indep. Cmty. Sch. Dist., 393 U.S. 503, 506, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969)); Bethel Sch. Dist. No. 403 v. Fraser, 478 U.S. 675, 682, 106 S.Ct. 3159, 92 L.Ed.2d 549 (1986) (“[T]he constitutional rights of students in public school are not automatically coextensive with the rights of adults in other settings.”); see also Grayned v. City of Rockford, 408 U.S. 104, 117-18, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) (rejecting notion that one “has an absolute constitutional right to use all parts of a school building ... for his unlimited expressive purposes” when the “forbidden conduct ‘materially disrupts classwork or involves substantial disorder or invasion of the rights of others’ ”) (quoting Tinker, 393 U.S. at 513, 89 S.Ct. 733).
¶ 35 Constitutional considerations aside, I also believe that Niekolas’ verbal barrage against the teacher here constituted “abuse” within the meaning of § 15-507 and, therefore, was statutorily proscribed.[1] See In re Paul M., 198 Ariz. 122, 126-27 ¶¶ 13-19, 7 P.3d 131, 135-36 (App.2000) (Pelander, J., dissenting) (in case in which no constitutional issues were raised or addressed, arguing that juvenile’s loudly and aggressively directing profanity at teacher’s aide on school grounds, in presence of other students, constituted *190 “abuse” under § 15-507). My concurrence in the Court’s correct resolution of the narrow constitutional issue presented here does not alter my view on these points.

. We generally do not reach constitutional issues if the case can be decided on statutory grounds. See State v. Gomez, 212 Ariz. 55, 61 ¶ 31, 127 P.3d 873, 879 (2006); Petolicchio v. Santa Cruz County Fair & Rodeo Ass'n, 177 Ariz. 256, 259, 866 P.2d 1342, 1345 (1994); cf. State v. Korzuch, 186 Ariz. 190, 195, 920 P.2d 312, 317 (1996) (recognizing general rule but addressing constitutional issue when it predominated throughout litigation and no alternative "grounds were raised or argued by either party”). Given the parties’ framing and briefing of the single, limited issue presented on review, however, the Court correctly observes that ”[w]e have no occasion here to conclusively define the reach of A.R.S. § 15-507." Supra, ¶ 12.