IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

MICHAEL JERMAINE MOORE, *Appellee*.

No. 1 CA-CR 21-0459
FILED 04-02-2024

Appeal from the Superior Court in Maricopa County
No. CR2014-102199-001
The Honorable Roger L. Hartsell, Judge *Pro Tempore* (retired)

**VACATED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Damon A. Rossi
*Counsel for Appellee*

**OPINION**

Judge Paul J. McMurdie delivered the Court's opinion, in which Presiding
Judge Brian Y. Furuya and Judge Jennifer B. Campbell joined.

**M c M U R D I E**, Judge:

**¶1**          The State appealed the superior court's order vacating Michael Moore's probation extension and dismissing the probation revocation petition. In a previous opinion, we reversed the court's order. *State v. Moore*, 254 Ariz. 317, 318, ¶ 1 (App. 2022), *vacated in part*, CR-23-0027-PR, 2023 WL 2782750, at *1 (Ariz. Apr. 4, 2023). The supreme court granted Moore's petition for review, vacated paragraphs 12 and 14 of our opinion, and remanded the case with instructions to address these issues:

> (1) whether probationers have a right to counsel or a hearing before probation is extended; (2) if so, whether Moore knowingly, intelligently, and voluntarily waived his right(s); and (3) if he did not, whether the constitutional defect(s) rendered the trial court's order extending Moore's probation void, as opposed to voidable, such that it could be vacated at any time.

*Moore*, CR-23-0027-PR, at *1.

**¶2**          In answering the issues identified, we hold that probationers have the right to notice and a hearing before probation is extended. A probationer may waive these rights if the waiver is knowingly, intelligently, and voluntarily made. But a probationer has no right to the assistance of counsel before deciding whether to waive the extension rights. In applying these holdings to this appeal, we conclude that the record is insufficient to evaluate whether Moore knowingly, intelligently, and voluntarily waived his rights. Assuming, as directed by the supreme court, that Moore did not waive his rights, we determine that such an error renders the extension order voidable, not void. Thus, it is waived because Moore did not raise the issue timely.

**¶3**          Based on these holdings, we reverse the superior court's order vacating the probation extension and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

**¶4**          In May 2015, Moore pled no contest to theft, a Class 6 designated felony. After a sentencing hearing, the superior court suspended imposing a sentence and placed Moore on three years of probation with mental health terms. The court ordered him to make restitution payments as a condition of his probation. Per the parties' stipulation, the court ordered Moore to pay $699 in restitution to the victim.

2

¶5　　　　The probation conditions signed by Moore noted that failure to pay restitution could lead to a probation extension. During Moore's original probation term, probation officers notified him that he was delinquent on his restitution payments. The officers warned Moore that the court could extend his probation if he failed to pay the restitution.

¶6　　　　In May 2018, Moore's probation officer petitioned the court to modify Moore's probation terms. The petition asserted there remained an unpaid balance for restitution and recommended extending probation for five years under A.R.S. § 13-902(C). The petition read:

> The term of probation shall be extended for a period of five years from 7/21/2018 pursuant to A.R.S. 13-902C. The defendant shall continue to abide by all conditions as previously ordered by the Court and remit any unpaid balance of restitution prior to the expiration of probation.
>
> I, MICHAEL JERMAINE MOORE, have read the above petition (and/or) had the petition explained to me and fully understand probation will be extended to provide me with an opportunity to complete the payment of restitution. In addition, I voluntarily waive my right to counsel and/or a Court hearing regarding this matter.

Moore signed the form. There is no evidence in the record that Moore sought counsel's advice before signing. Based on the petition and Moore's waiver of counsel and a hearing, the superior court granted the petition and extended the probation period.

¶7　　　　During the extended probation period, Moore made sporadic restitution payments and continued to report to his probation officer in compliance with the probation conditions. In June 2021, Moore's probation officer petitioned to revoke Moore's probation, alleging Moore had committed a misdemeanor criminal offense and failed to pay the restitution.

¶8　　　　Moore moved to vacate the imposed probation extension and dismiss the revocation petition. Moore asserted he was deprived of constitutionally guaranteed rights to notice, an opportunity to be heard, and counsel before the court materially modified the original probation. And he asserted that his purported waiver of those rights was not made knowingly, intelligently, or voluntarily. The State responded that Moore had adequate notice of the probation extension and had no right to counsel or a hearing before the extension. The State posited that even if Moore were

entitled to counsel and a hearing, Moore waived those rights by agreeing to do so, as evidenced by the extension document.

**¶9** The superior court vacated the probation extension, terminated Moore's probation at the end of the original probation term, and dismissed the revocation petition. The superior court found Moore's probation was extended "without the notice or presence of the parties." It also found that Moore was not appointed counsel or advised of his right to counsel before signing the petition. As a result, the court determined the waiver to extend probation was not knowingly, intelligently, and voluntarily made. Finally, the court found that the probation extension Moore signed did not give him adequate notice that the extension applied to all probation terms, not just the restitution term.

**¶10** The State appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4032(4). *Moore*, 254 Ariz. at 319, ¶ 9.

## DISCUSSION

**¶11** The State challenges the superior court's order vacating the probation extension. It asserts that Moore had no constitutional, statutory, or procedural right to a hearing or counsel before the court extended the probation. The State argues in the alternative that even if Moore were entitled to counsel or a hearing, he waived those rights and was not entitled to counsel or a hearing before waiving such rights.[1]

**¶12** We review legal issues, including constitutional questions, *de novo*. *See State v. Korzuch*, 186 Ariz. 190, 192 (1996). We defer to the superior court's factual findings unless they are clearly erroneous. *See Mack v. Cruikshank*, 196 Ariz. 541, 544, ¶ 6 (App. 1999).

---

[1] The State also challenged the superior court's finding that Moore lacked adequate notice of the consequences of the probation extension. The State asserted the petition "sufficiently notified Moore that he remained subject to all terms and conditions of his probation." In *State v. Turner*, this court held that an order's phrase "probation term is extended" and the probationer's actions after the probation extension showed he was properly notified that the extension was for all probation conditions. 239 Ariz. 390, 393-94, ¶¶ 13-16 (App. 2016). Moore does not argue why the circumstances here are different than *Turner*, and we see none. Thus, we conclude that the modification petition sufficiently notified Moore that the extension applied to all probation terms. *See id.*

¶13          "An extension of a probationary term is unquestionably a modification of the term." *Korzuch*, 186 Ariz. at 193. "If the court has required, as a condition of probation, that the defendant make restitution" payments, the court may extend the probation if "that condition has not been satisfied." A.R.S. § 13-902(C). For a felony, the court may extend the probation up to five years. *Id.* § 13-902(C)(1). And a court can modify any probation condition before the probation term expires. A.R.S. § 13-901(C); *see also* Ariz. R. Crim. P. 27.3(b). But probation modifications must comply with due process. Ariz. R. Crim. P. 27.3(b)(1); *see also Nieuwenhuis v. Kelly*, 164 Ariz. 603, 606 (App. 1990) ("Although trial courts clearly have authority to modify probation terms, due process imposes limitations on the kind of modifications that can be made[.]"), *overruled in part on other grounds by State v. Bradley*, 175 Ariz. 504, 505-06 (1993); *Green v. Superior Court*, 132 Ariz. 468, 471 (1982) (Several statutes, as well as constitutional due process considerations, limit the court's authority "to impose, modify, or revoke probation.").

## A.     Due Process Guarantees Probationers Notice and a Hearing Before Extending Probation.

¶14          To determine what process is due, we consider the "nature of the government function involved as well as of the private interest that has been affected by governmental action." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (quoting *Cafeteria & Rest. Workers Union v. McElroy*, 367 U.S. 886, 895 (1961)). "[D]ue process affords some procedural protections even to those with reduced liberty interests." *Korzuch*, 186 Ariz. at 193. For example, due process guarantees probationers a hearing before the court can revoke probation because probation revocations may lead to liberty deprivations. *Gagnon v. Scarpelli*, 411 U.S. 778, 781-82 (1973).

¶15          A probation extension prolongs a defendant's time to perform certain conditions to avoid a sentence. *See Wilson v. Higgins*, 251 Ariz. 282, 285, ¶ 15 (defining probation); *see also Moore*, 254 Ariz. at 319, ¶ 1; *State v. Jimenez*, 188 Ariz. 342, 345 (App. 1996). And even though a probation extension does not lead directly (or necessarily) to the same liberty deprivations as imprisonment, "a violation of the extension and modification could result in a loss of freedom." *Korzuch*, 186 Ariz. at 193.

¶16          In *Korzuch*, our supreme court reviewed a probation extension imposed on the probationer without notice. 186 Ariz. at 192. The court acknowledged that multiple federal circuits had held that due process did not entitle a probationer to notice and a hearing before an extension or

modification.[2] *Id.* at 193. Our supreme court, however, reached the opposite conclusion because "[i]n Arizona, due process has been defined so as to require notice and a hearing if the terms of probation are modified." *Id.* (citing *Nieuwenhuis*, 164 Ariz. at 606, and *Green*, 132 Ariz. at 471). The court reasoned that by extending a probation term, "the court subjects the probationer to an additional period during which his liberty is restricted[,]" and during the extension, "probation may be revoked and imprisonment imposed." *Korzuch*, 186 Ariz. at 193. We follow our supreme court in holding that absent waiver, due process requires notice and a hearing before a court extends a probationary period. *See id.* at 193-94; *see also State v. Mitcham*, 256 Ariz. 104, 110, ¶ 22, n. 2 (App. 2023) (The Court of Appeals must follow Arizona Supreme Court decisions.).

**¶17**　　　　The State argues that a hearing requirement conflicts with Arizona Rule of Criminal Procedure 27.3(b)(5), which states a court *may* hold a hearing on a probation modification request. But due process limits probation modification procedures. *See* Ariz. R. Crim. P. 27.3(b)(1); *see also State v. McCartney*, 251 Ariz. 478, 481, ¶ 11 (App. 2021) ("When possible, we construe rules and statutes in a way that harmonizes them and does not violate the constitution."). And, in Arizona, due process requires notice and a hearing if a probationer's terms are to be modified. *Korzuch*, 186 Ariz. at 193; *see also Webb v. State ex rel. Ariz. Bd. of Med. Exam'rs*, 202 Ariz. 555, 558, ¶ 9 (App. 2002) ("Procedural due process requires notice and an opportunity to be heard in a meaningful manner and at a meaningful

---

[2]　　　　*See, e.g.*, *Forgues v. United States*, 636 F.2d 1125, 1127 (6th Cir. 1980) (The probationer "was not entitled to prior notice and a hearing as a constitutional imperative."); *United States v. Cornwell*, 625 F.2d 686, 688 (5th Cir. 1980) (similar); *United States v. Carey*, 565 F.2d 545, 547 (8th Cir. 1977) (similar); *Skipworth v. United States*, 508 F.2d 598, 601-02 (3d Cir. 1975) (similar); *see also United States v. Silver*, 83 F.3d 289, 291-92 (9th Cir. 1996) (The federal Sentencing Reform Act of 1984 requires hearings before probation extensions, but due process does not require a hearing for a probation extension.). The Third, Fifth, and Sixth Circuits invoked their court's supervisory powers to require notice and a right to a hearing before a probation extension because of the prejudice potential in *ex parte* extensions. *See Skipworth*, 508 F.2d at 602-03; *Cornwell*, 625 F.2d at 688-89; *Forgues*, 636 F.2d at 1127.

time.").[3] But, as we explain below, the court need not hold a hearing if a probationer knowingly, intelligently, and voluntarily waives it.

**B.    Probationers May Knowingly, Intelligently, and Voluntarily Waive Their Due Process Right to a Probation Extension Hearing.**

¶18        The State argues that Moore knowingly, intelligently, and voluntarily waived his rights by signing the modification petition. The State also asserts that the superior court erred by finding that Moore was entitled to counsel and a hearing before signing the waiver. Moore contends that the superior court properly vacated the probation extension because there was no record showing he waived his rights knowingly, intelligently, and voluntarily, nor was there any record showing he was informed of his rights. And Moore proffers that his mental health history supports the superior court's finding that he did not waive his rights knowingly, intelligently, and voluntarily.

¶19        Generally, individual constitutional rights are waivable. *See New York v. Hill*, 528 U.S. 110, 114 (2000) (quoting *United States v. Mezzanatto*, 513 U.S. 196, 200-01 (1995), and *Peretz v. United States*, 501 U.S. 923, 936 (1991)). What is required for a valid waiver depends on the nature of the right to be waived. *Hill*, 528 U.S. at 114. "[W]hether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." *United States v. Olano*, 507 U.S. 725, 733 (1993).

¶20        Not every waiver of a constitutional right must be knowing and intelligent. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 235 (1973). For example, the waiver may be effective when an individual voluntarily

---

[3]        Today, we need not decide whether a probationer is entitled to counsel at a modification hearing. The Supreme Court has weighed in on whether a defendant in a probation revocation hearing is entitled to counsel. The Court held that, in some cases, a probationer may have a right to counsel at the revocation hearing because effectiveness of the due process requirements may "depend on the use of skills which the probationer . . . is unlikely to possess." *Gagnon*, 411 U.S. at 786; *see also Korzuch*, 186 Ariz. at 194 (When assessing the rights guaranteed during probation extensions, rules and cases addressing probation revocation proceedings are instructive.).

consents to a search, even if the individual is unaware of the right to refuse consent. *See id.* at 248-49.

**¶21**  Other rights, however, are waived only by "an intentional relinquishment or abandonment of a known right or privilege." *Schneckloth*, 412 U.S. at 235, 243 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), *overruled on other grounds by Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981)). The heightened standard is reserved for constitutional rights that preserve fairness in the trial process. *Schneckloth*, 412 U.S. at 237. For example, the Supreme Court has applied the knowing and intelligent standard to assess the validity of a waiver of counsel at trial or upon a guilty plea, and the waiver of other trial rights such as the right to confrontation, a jury trial, a speedy trial, and the right to be free from double jeopardy. *See id.* at 237-38 (citing cases). And the Court has applied the knowing and intelligent standard for waiver of certain pretrial rights, such as the right to counsel in a post-indictment lineup and the right against compulsory self-incrimination during custodial interrogation. *See id.* at 238-40 (citing cases).

**¶22**  Additionally, some rights can only be waived by the defendant personally. *See State v. Emedi*, 251 Ariz. 78, 83, ¶ 18 (App. 2021) (The right to counsel, a jury trial, an appeal, and the decision to plead guilty are personal to the defendant and may not be waived by counsel.). Procedural protections for waiver are at their highest when the rights involved are so "essential to the 'constitutional model of a fair trial' that a personal waiver is the only adequate means to ensure the defendant has not been deprived of one of the structural guarantees of our trial system." *See id.* at 83, ¶ 20 (citing *Schneckloth*, 412 U.S. at 241).

**¶23**  Our criminal procedure rules implement the heightened safeguards for certain fundamental rights. *See, e.g.*, Ariz. R. Crim. P. 18.1(b)(2) ("Before accepting a defendant's waiver of a jury trial, the court must address the defendant personally, inform the defendant of the defendant's right to a jury trial, and determine that the defendant's waiver is knowing, voluntary, and intelligent."); Ariz. R. Crim. P. 17.2(a) (Before accepting a guilty plea, the court must address the defendant personally and ensure that the defendant understands the nature of the charges, sentencing possibilities, the right to plead not guilty, and the constitutional and appellate rights being waived.). Like a guilty plea, before the court accepts an admission to a probation violation, the court must address the probationer personally and determine that the probationer understands the nature of the violation, the rights provided to the probationer, and the consequences of admitting to the violation. *See* Ariz. R. Crim. P. 27.9(a).

¶24　　　　In *Schneckloth*, the Supreme Court left open whether a waiver of procedural due process rights must only be voluntary or whether the waiver must also be knowing and intelligent. 412 U.S. at 235-36. But Arizona has answered that question—a waiver of procedural due process rights must be made knowingly, intelligently, and voluntarily. *See Webb*, 202 Ariz. at 558, ¶ 10; *Gonzales v. Ariz. State Bd. of Nursing*, 255 Ariz. 132, 137, ¶ 23 (App. 2023). Thus, because the right to a probation extension hearing is rooted in procedural due process, the waiver of a probation extension hearing must be made knowingly, intelligently, and voluntarily. And the record must contain evidence that the waiver was knowingly, intelligently, and voluntarily made. *See State v. Avila*, 127 Ariz. 21, 25 (1980). Whether a waiver is knowing, intelligent, and voluntary depends on the facts of each case, including the individual's background, experience, and conduct. *See State v. Duffy*, 247 Ariz. 537, 545, ¶ 19 (App. 2019) (quoting *Edwards v. Arizona*, 451 U.S. 477, 482 (1981)).

¶25　　　　Our holding tracks Ninth Circuit caselaw, which holds that a waiver of the federal right to a hearing and counsel before a probation modification must be knowing, intelligent, and voluntary. *See United States v. Stocks*, 104 F.3d 308, 310, 312 (9th Cir. 1997); Fed. R. Crim. P. 32.1(c). The Ninth Circuit reasoned that the federal right to a hearing and counsel, though statutorily created, is rooted in Supreme Court cases addressing probationers' constitutional protections. *See Stocks*, 104 F.3d at 310-11. And a probationer's statutory right to a hearing and counsel under federal law are "closely associated" with "a probationer's liberty interest in remaining free from probation-related restrictions." *Id.* at 312.

¶26　　　　Moore agreed to the probation extension by signing the modification petition, which stated his probation term would be extended for five years and that he voluntarily waived his right to counsel and a hearing. The superior court found that Moore's waiver to extend probation was not knowingly, intelligently, and voluntarily made because he was not appointed counsel to review the waiver. But there is no rule that an attorney must advise a probationer before the waiver can be knowing, intelligent, and voluntary. Courts have held that a right to counsel or a hearing before waiving probation extension rights under Federal Rule of Criminal Procedure 32.1(c) is not required. *See, e.g.*, *Stocks*, 104 F.3d at 212 ("Nothing in the Constitution or any statute or rule requires" that probationers have the assistance of counsel to decide whether to waive their rights.); *United States v. Chambliss*, 766 F.2d 1520, 1522 ("[T]he government provided clear notice of the terms of the modification . . . and appellant's right to counsel and a hearing. Appellant is simply not entitled to more due process than that."); *Latson v. United States*, 68 F. App'x 544, 552 (6th Cir. 2003) (The court

found no support for the proposition that a waiver requires the assistance of counsel and a hearing.). We agree with the federal precedent.

¶27            The Sixth Amendment right to counsel attaches only at critical stages of criminal proceedings. *See State v. Koepke*, 240 Ariz. 188, 190, ¶ 5 (App. 2016). Probation revocation is not a critical stage of a criminal prosecution. *See Gagnon*, 411 U.S. at 782. If probation revocation is not a critical stage of a criminal prosecution, then a probation extension, which has fewer liberty consequences than revocation, *see Korzuch*, 186 Ariz. at 193, is not a critical stage of the criminal prosecution. The decision of whether to waive rights guaranteed at a proceeding that is not a critical stage of the criminal prosecution is, thus, not a critical stage at which the right to counsel attaches. *See Morrissey*, 408 U.S. at 480; *Gagnon*, 411 U.S. at 782.

¶28            Thus, we decline to require other procedural safeguards for the waiver standard for pre-extension hearings as we have imposed for other indispensable trial rights. *See infra* ¶¶ 21-22; *see also Olano*, 507 U.S. at 733 (Applicable procedural safeguards for waiver depend on the nature of the right.). The knowing, intelligent, and voluntary requirement is a heightened waiver standard that sufficiently preserves the pre-extension hearing right. *See Schneckloth*, 412 U.S. at 236-38; *Webb*, 202 Ariz. at 558, ¶ 10. A valid waiver depends on the facts of each case, and the lack of counsel's involvement could be a factor. But that is not to say that the advice of counsel is required or that its absence disposes of the issue of a waiver's validity.

¶29            As applied, although Moore was entitled to pre-extension notice and a hearing, he was not constitutionally guaranteed assistance of counsel to advise him on whether to waive his rights. Still, we cannot discern from the record whether Moore's waiver was knowing, intelligent, and voluntary. Aside from what was in the petition Moore signed, the record of the interaction between Moore and the probation officer when the officer presented the petition to Moore is unclear. Thus, we cannot sufficiently evaluate Moore's argument about his mental health history because the record does not document Moore's mental state when he signed the agreement. But we need not remand the case for a voluntariness inquiry because, as discussed below, Moore waited too long to raise the claim.

**C.** **If Moore's Waiver Was Not Knowing, Intelligent, and Voluntary, the Probation Extension Is Voidable, Not Void.**

¶30 Assuming Moore did not knowingly, intelligently, and voluntarily waive his right when he agreed to the extension, our supreme court has instructed us to address whether it rendered the extension void or voidable. *See Moore*, CR-23-0027-PR, at *1.

¶31 Our supreme court recently clarified that an order or judgment is void if the court lacked subject matter jurisdiction, personal jurisdiction, or authority to enter the judgment or order. *See Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 262, 264, ¶¶ 27, 29, 35 (2022). On the other hand, the order or judgment is voidable if the court had jurisdiction and authority to act but the court otherwise erred. *See id.* at 262, ¶ 27. If Moore's probation extension is void, it has no legal effect, and the superior court could vacate it at any time. *See id.* at ¶ 26. If the extension is voidable, it was a valid order and enforceable until reversed or vacated, and it could be vacated only if Moore challenged it by direct appeal or a timely post-judgment motion. *See id.*

¶32 There is no dispute that the superior court had personal jurisdiction over Moore when presented with the modification petition. And the superior court had subject matter jurisdiction over Moore's probation modification. *See* Ariz. Const. art. 6, § 14(4) (The superior court has original jurisdiction over felony criminal cases.); A.R.S. §§ 13-901, -902; *see also State v. Maldonado*, 223 Ariz. 309, 311, ¶ 14 (2010) ("[T]he phrase 'subject matter jurisdiction' refers to a court's statutory or constitutional power to hear and determine a particular type of case.").

¶33 Additionally, when the superior court was presented with the modification petition, it had the authority to modify Moore's probation. Arizona Revised Statutes Sections 13-901 and -902 and Arizona Rule of Criminal Procedure 27.3 authorize the court to impose and modify probation. The modification petition recommended extending Moore's probation under A.R.S. § 13-902(C) because Moore still owed restitution payments, but his probation was "due to expire soon." The court had express statutory authority to order the modification. *See* A.R.S. § 13-902(C)(1); *Korzuch*, 186 Ariz. at 193. That the court may have erred when exercising its authority does not mean it did not have the authority to act. *See Shinn*, 254 Ariz. at 262, ¶ 27. *Shinn* directs that the order was voidable. *See id.*

¶34        Moore claims that if the probation extension violated due process, the judgment is void, and the court could vacate it at any time. Probation modifications must comply with due process. Ariz. R. Crim. P. 27.3(b)(1). But not all errors nullify an order. *See, e.g.*, *Maldonado*, 223 Ariz. at 309, ¶¶ 15-18 (A procedural error does not always divest the court of subject matter jurisdiction.). Only orders entered without personal jurisdiction, subject matter jurisdiction, or court authority are void. *See Shinn*, 254 Ariz. at 262, 264, ¶¶ 27, 29, 35.

¶35        In other contexts, we treat an order resulting from an invalid waiver as voidable, not void. For example, a court has the authority to accept guilty pleas. *See, e.g.*, Ariz. R. Crim. P. 17.1. And the court "must ensure that the plea is entered voluntarily, intelligently, and knowingly." *State v. Rose*, 231 Ariz. 500, 505, ¶ 13 (2013); *see also* Ariz. R. Crim. P. 17.1-17.4; *State v. Djerf*, 191 Ariz. 583, 594, ¶ 35 (1998) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). A defendant can claim that his or her plea was entered unconstitutionally through a post-conviction relief petition. Ariz. R. Crim. P. 33.1(a). But the relief is time-sensitive—the defendant must file the notice for a claim within 90 days of sentencing. Ariz. R. Crim. P. 33.4(b)(3)(A). If the defendant fails to file the notice timely, the defendant cannot claim relief, even if the defendant argues the plea was not entered knowingly, intelligently, and voluntarily. *See id.*; *see also State v. Reed*, 252 Ariz. 236, 239, ¶ 11 (App. 2021). We see no reason to treat waiver differently in the context of probation modifications.

¶36        In its remand order, our supreme court vacated paragraphs 12 and 14 of this court's previous opinion. *Moore*, CR-23-0027-PR, at *1. Paragraph 13 of that opinion reads:

> Our holding today, therefore, clarifies that the court lacked jurisdiction to vacate a three-year-old probation extension order, but does not in any way affect the court's ability to modify Moore's probation going forward. For example, upon hearing Moore's motion to vacate in 2021, the court had jurisdiction and discretion to modify or terminate Moore's probation as of that date. It cannot, however, vacate the 2018 order extending Moore's probation, based on a motion filed three years later in 2021, thereby allowing Moore to evade a revocation hearing for an alleged intervening probation violation.

*Moore*, 254 Ariz. at 320, ¶ 13. Because the superior court had jurisdiction and authority to modify Moore's original probation, the probation modification

is a voidable order. Because Moore did not challenge the probation modification until three years after the order was entered, Moore's relief was time-barred. *See* Ariz. R. Crim. P. 31.2(a)(2)(B) ("A notice of appeal from a judgment or order other than [a conviction and imposition of sentence] must be filed no later than 20 days after entry of the judgment or order."); *see also* Ariz. R. Crim. P. 24.3(a) ("No later than 60 days of the entry of judgment and sentence . . . the court may correct any unlawful sentence or one imposed in an unlawful manner."); *State v. Falco*, 162 Ariz. 319, 321 (App. 1989) (Rule 24.3 applies to probation orders.).

¶37          In sum, if Moore did not knowingly, intelligently, and voluntarily waive his right to a hearing, then the probation extension violated due process. But the due process violation would render the probation extension voidable, not void. Thus, because Moore did not challenge the probation extension timely, the superior court erred by vacating the extension.

## CONCLUSION

¶38          We set aside the superior court's order vacating the probation extension, reinstate the probation extension, and remand for further proceedings.

