562 P.2d 397

The STATE of Arizona, Appellee,

v.

James Edwin BLACKMAN, Appellant.

No. 2 CA–CR 913.

Court of Appeals of Arizona, Division 2.

March 9, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Darwin J. Nelson, Asst. Public Defender, Tucson, for appellant.

## OPINION

PER CURIAM.

Appellant was sentenced on May 14, 1973, for a conviction of burglary, second degree, and placed on probation for a period of five years. One condition of probation was that he violate no law.

A petition to revoke probation was filed on March 19, 1976, alleging that appellant had violated a law by attempting to obtain a prescription drug by fraud. At the conclusion of an evidentiary hearing on April 5, the court found that appellant had violated the terms of his probation but continued to a later date the dispositional phase.

In the interim, appellant was charged with the drug-related offense. He pled guilty on June 7, 1976, and was sentenced to three years' probation to run concurrently with another five-year probation period imposed for violation of his probation conditions in the burglary case. The probation periods were to commence June 7, 1976.

The probation period cannot exceed the maximum term of sentencing which may be imposed. A.R.S. § 13–1657(A)(1). In his case, five years is the maximum. The trial court's power with respect to probation is purely statutory and must be exercised as indicated by A.R.S. § 13–1657. *Keller v. Superior Court, In and For County of Maricopa*, 22 Ariz.App. 122, 524 P.2d 956 (1974). Under the statute, during the probationary period, the court may revoke the probation and pronounce sentence, may terminate the probation period and discharge the probationer, and may reduce the probation period or increase it to the maximum. It has no statutory authority to increase the period beyond the maximum. The five-year limitation of the maximum sentence for burglary, second degree, controlled the aggregate period of probation in the first instance or by continuations and extensions. *State v. Duncan*, 15 Or. App. 101, 514 P.2d 1367 (1973). The court lacked authority to order continuation of probation at the June 7, 1976 hearing beyond five years from its commencement, i. e., beyond May 14, 1978.

Since the trial court was laboring under a mistake as to its alternatives, and the original probation period has not expired, we vacate the June 7, 1976, order as to the five-year period of probation and remand for further proceedings consistent with this opinion.

Reversed and remanded.

HOWARD, C. J., and RICHMOND and HATHAWAY, JJ., concur.