738 P.2d 364

The STATE of Arizona, Appellee,

v.

Margaret Mary FOX, Appellant.

No. 2 CA–CR 4468.

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 30, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Ronald L. Crismon, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Nancy F. Jones, Tucson, for appellant.

FERNANDEZ, Judge.

Pursuant to a plea agreement, appellant pled guilty to theft of services of $100 or more but less than $250, a class 6 undesignated offense. Appellant was placed on probation for three years and, as a condition of that probation, was ordered to pay restitution in the amount of $5,170. Appellant moved to vacate the judgment and requested that the restitution order be vacated and a new order entered for an amount appellant could pay. The request for a reduction of the total amount of restitution was denied, but the trial court ordered appellant's monthly payments to be reduced from $143.61 per month to $25 until such time as she could pay more. The court ordered the payments to be increased under the direction of the adult probation department when appellant is able to do so. This appeal followed.

Appellant argues that the trial court's order requiring full restitution violates principles of fundamental fairness under the Fourteenth Amendment. She claims that the amount is beyond her financial means and that the court should have considered her ability to pay when determining the amount of restitution. However, under A.R.S. § 13–901, restitution is a required condition of probation when the victim has incurred economic loss. *State v. Monick*, 125 Ariz. 593, 611 P.2d 946 (App. 1980). The trial court did not err when it

determined the full amount of restitution without taking appellant's financial standing into account. A.R.S. § 13–804(C).

 Appellant's next contention is that the imposition of full restitution will subject her to imprisonment because of her current financial status. We first note that the problem has not yet arisen and in any case, under A.R.S. § 13–902(B), the court has the discretion to extend the probationary period imposed when a probationer has not satisfied the restitution condition. Appellant's other complaint in that regard is that the offense would then necessarily be designated as a felony, since A.R.S. § 13–902(B)(2) limits extension of probation to one year for a misdemeanor. However, a defendant "may be placed on probation for a longer period of time than the maximum sentence for a misdemeanor and still have the offense designated as a misdemeanor upon successful completion of the probationary period." *State v. Risher*, 117 Ariz. 587, 588, 574 P.2d 453, 454 (1978); A.R.S. § 13–702(H).

Appellant's complaint that she is subject to having her probation revoked merely because of her inability to pay full restitution is premature. Appellant has not had her probation revoked, and there is no court judgment or order for this court to review. We will not entertain an argument based on the mere possibility that a defendant's probation might be revoked upon a certain occurrence.

 Appellant's final contention is that the trial court erred when it ordered that restitution payments were to be increased under the direction of the adult probation department when appellant is deemed to be able to make higher payments. The state agrees that appellant is correct in this assertion since Rule 27.2, Rules of Criminal Procedure, 17 A.R.S., does not allow a probation officer to modify a condition imposed by the court but rather leaves that option available to the sentencing court itself. Therefore, that portion of the sentencing order is modified to delete the delegation of the authority to the adult probation department to increase the restitution.

That option rests, as it always has, in the trial court alone.

The judgment of conviction and the sentence, as modified, are affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.