732 P.2d 1123

STATE of Arizona, Appellee,

v.

Daniel L. FINDLER, Jr., Appellant.

No. 1 CA–CR 9955.

Court of Appeals of Arizona,
Division 1, Department B.

Jan. 6, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and John B. Barkley, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

GREER, Judge.

This is an appeal from the trial court's finding of a violation of the terms of appellant's probation and the subsequent revoca-

tion and sentencing. On appeal, appellant raises one issue:

Did the trial court err in revoking appellant's probation?

On December 7, 1983, appellant pled guilty to one count of possession of marijuana for sale and one count of possession of a dangerous drug (LSD), both class 4 felonies. Judge Hertzberg suspended the imposition of sentence and placed appellant on probation for a period of four years on January 20, 1984.

On October 29, 1985, the state filed a petition to revoke appellant's probation alleging four violations: (1) that appellant had committed two counts of aggravated assault on October 21, 1985; (2) that appellant had failed to report to his probation officer at least once a month for three months; (3) that appellant had failed to pay his monthly probation fee; (4) that appellant had changed his place of residence without the approval of his probation officer; and (5) that appellant had failed to pay reimbursement to the clerk of the court. On November 22, 1985, appellant admitted the last four violations. On December 12, 1985, Judge Goodfarb found that appellant had violated his probation. He reinstated appellant on intensive probation for a period of one year.

On or about January 14, 1986, the state filed a second petition to revoke appellant's probation. This second petition alleged that appellant had violated the terms of his probation by committing the crime of forgery between the dates of December 30, 1984 and May 3, 1985. On February 11, 1986, appellant admitted the violation. On March 3, 1986, Judge Goodfarb revoked appellant's probation and sentenced him to presumptive concurrent terms on the two drug charges.

The trial court revoked appellant's probation in reliance on A.R.S. § 13-901(C), which reads:

The court may in its discretion issue a warrant for the rearrest of the defendant and may modify or add to the conditions or, if the defendant commits an additional offense or violates a condition, revoke probation in accordance with the Rules of Criminal Procedure at any time prior to the expiration or termination of the period of probation.

Appellant contends that the trial court erred in revoking his probation because the forgeries were committed before his 4-year probationary period was terminated. He argues that once he was found to be in violation of that probation and reinstated nothing he had done before the reinstatment could be used as the basis for a violation if it had not been discovered before reinstatement.

We find, however, that the appellant's original probationary period was not terminated. In fact, the trial court has no authority to terminate a period of probation as unsuccessfully completed. A.R.S. § 13-901(E); *State v. Moore,* 149 Ariz. 176, 717 P.2d 480 (App.1986). Appellant was merely found in violation and reinstated on probation. Judge Goodfarb merely modified the length and the terms of appellant's probation. *See* A.R.S. § 13-901(C). We find no error in the trial court's revocation of appellant's probation and sentencing. We affirm the order revoking appellant's probation. We further affirm the sentence imposed in this case.

CORCORAN, P.J., and
KLEINSCHMIDT, J., concur.