971 P.2d 184

STATE of Arizona, Appellee,

v.

Timothy Paul THORNE, Appellant.

No. 1 CA–CR 96–0776.

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 11, 1997.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section and J.D. Nielsen Assistant Attorney General, Phoenix, for Appellee.

John C. Williams, Prescott, for Appellant.

## OPINION

WEISBERG, Judge.

Timothy Paul Thorne ("defendant") appeals from his convictions and sentences on one count of attempted second degree murder and two counts of aggravated assault. He argues that he was entitled to a twelve person jury under the Arizona Constitution. We disagree and affirm.

### FACTS AND PROCEDURAL HISTORY

On June 29, 1995, defendant was walking down a street with a group of friends. At approximately 10:40 p.m., the victim rode a bicycle past the group. An incident ensued that ended with defendant pulling a gun and firing two shots. The first was a "warning" shot that struck the pavement in front of the victim, the second struck the victim in the back of the head.

On October 5, 1995, defendant was charged with one count of attempted first-degree murder, and two counts of aggravated assault. Prior to trial, the trial court approved a motion to dismiss the allegation of dangerousness with respect to the aggravated assault charge relating to the first shot. As a result, before trial the charges and potential maximum sentences were:

Count 1, attempted first degree murder, a dangerous non-repetitive class 2 felony= 21 years,

Count 2, aggravated assault, a dangerous non-repetitive class 3 felony= 15 years,

Count 3, aggravated assault, a non-dangerous non-repetitive class 3 felony= 8.75 years.

Ariz.Rev.Stat. Ann. ("A.R.S.") §§ 13–604(I), 13–702.01(A)(Supp.1996).

At a pre-trial hearing, the state and defendant stipulated that Counts 1 and 2 were based on the second shot fired by defendant, and that Count 3 was based on the first. They also stipulated that, if convicted, defendant would have to be sentenced concurrently on Counts 1 and 2 because they related to the same conduct. They therefore agreed that the maximum amount to which defendant could be sentenced was 29.75 years: 21 years for Counts 1 and 2, and 8.75 years for Count 3. As a result, the trial court ruled that an eight-person jury was appropriate.

After trial, defendant was convicted on one count of attempted second degree murder and on both counts of aggravated assault. He was sentenced to ten years on Count 1, seven years on Count 2, and three years on Count 3, all sentences to be served concurrently.

Defendant filed a timely notice of appeal, arguing that, because the maximum sentence could have exceeded thirty years, he was entitled to a twelve-person jury. Ariz. Const. art. 2, § 23. This court has jurisdiction under the Arizona Constitution, article 6, section 9, and A.R.S. sections 12–120.21(A)(1), 13–4031, and 13–4033(A).

### DISCUSSION

■ In Arizona, a twelve-person jury is required for all criminal cases in which the sentence authorized by law is either death or imprisonment for thirty years or more. Ariz. Const. art. 2, § 23; A.R.S. § 21–102(A). When only a lesser sentence may result, the jury must consist of eight persons. A.R.S. § 21–102(B).

■ Defendant argues that the size of the jury must be based upon the counts as originally alleged. We disagree, however, because the determination of the maximum potential sentence may be made at any time prior to the submission to the jury. *See* *State v. Thompson,* 139 Ariz. 133, 134, 677 P.2d 296, 297 (amendment of theft charge to prevent increasing the maximum potential sentence after trial began, but prior to submission to the jury, does not require reversal) (App.1983); *State v. Cook,* 122 Ariz. 539, 541, 596 P.2d 374, 376 (1979); *State v. Parker,* 22 Ariz.App. 111, 115, 524 P.2d 506, 510 (1974). Until a case is submitted to the jury, the state may amend the charges in a manner that could reduce the defendant's possible punishment. *See Thompson,* 139 Ariz. at 134, 677 P.2d at 297. Therefore, even though defendant's potential maximum sentence was thirty years or more when he was first charged, the potential maximum sentence was reduced in a timely manner, thereby making an eight-person jury appropriate.

■ Notwithstanding, defendant further argues that the maximum sentence was not categorically reduced because, despite the apparent agreement of the parties, unforeseen facts might have been adduced at trial that would have allowed the imposition of consecutive sentences for Counts 1 and 2. Again, we disagree.

Here, the State *stipulated* prior to trial that Counts 1 and 2 were based on a single act. *See* A.R.S. § 13–116. The State was bound by that stipulation, and the trial court impliedly agreed by empanelling an eight-person jury. *Cf. State v. Rutherford,* 154 Ariz. 486, 488, 744 P.2d 13, 15 (App.1987) ("[A] trial court has the authority to modify probation … [but] this authority can also be limited by agreement of the parties."). Consequently, following the stipulation, defendant's potential punishment was a sentence of less than thirty years.

### CONCLUSION

For the foregoing reasons, we conclude that defendant was not entitled to a twelve-person jury. We therefore affirm his convictions and sentences.

GRANT, P.J., and McGREGOR, J., concur.