987 P.2d 811

**STATE of Arizona, Appellee,**

v.

**Johnny David QUINTANA, aka Johnny Quintana, Appellant.**

**Nos. 1 CA–CR 98–0085, 1 CA–CR 98–0738.**

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 31, 1999.

As Corrected Sept. 2, 1999.

---

Janet A. Napolitano, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section Katia Mehu, Assistant Attorney General, Phoenix, Attorneys for the Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, Attorneys for the Appellant.

## OPINION

BERCH, Presiding Judge.

¶1 Johnny David Quintana ("Defendant") appeals his conviction for criminal trespass and the subsequent extension of his probation. For the following reasons we affirm.

## BACKGROUND

¶2 In connection with an incident that occurred on November 24, 1996, Defendant was charged with committing four criminal offenses: burglary in the second degree, a class three felony; criminal trespass in the first degree, a class six felony; assault, a class three misdemeanor; and theft, a class one misdemeanor. *See* Ariz.Rev.Stat. Ann. ("A.R.S.") §§ 13–1507 (1989); 13–1504(A)(1), (B) (1989); 13–1203(A)(3), (B) (1989); 13–1802 (Supp.1998–99). Before trial, the court granted the State's motions to dismiss the burglary and theft charges. Defendant was tried on the remaining counts, but the jury was unable to reach a unanimous decision and the trial court declared a mistrial.

¶3 Following the jury trial, the State moved to amend the charging document to reduce the trespass charge from a felony to a misdemeanor. The case was transferred to another judge for a trial to the bench. Before proceeding, the new judge asked if Defendant had waived his right to trial by jury while before the preceding judge. Defense counsel acknowledged that waiver of a jury trial was not necessary because "my client does not have a right to a jury trial on [the] misdemeanor charges" of trespass and assault. The court then noted the reduction of the trespass charge from a felony to a misdemeanor and the dismissal of the theft and burglary charges. Hearing no objection from Defendant, the court proceeded with a bench trial.

¶ 4 After hearing all the evidence, the court found Defendant not guilty of assault, but found him guilty of criminal trespass, a class one misdemeanor. The trial court then sentenced Defendant to six months probation subject to conditions including anger management and domestic violence counseling. Defendant appealed.

¶ 5 Before the probation period ended, a petition to revoke Defendant's probation was filed alleging that Defendant failed to comply with several terms of probation. After a hearing, the trial judge found that Defendant had violated his probation and increased the term of his probation to two years. Defendant again appealed; we consolidated Defendant's appeals upon the State's motion.

### ISSUES

¶ 6 Defendant presents two issues on appeal: (1) Was Defendant denied his right to a trial by jury on the trespass charge; and (2) did the trial court commit reversible error by increasing the length of Defendant's probation after finding that Defendant had violated the terms of his probation?

### DISCUSSION

I. Jury Trial

¶ 7 Defendant claims that the trial court violated his Seventh Amendment right to a jury trial. He contends that his right to a jury trial was improperly waived by the redesignation of the trespass charge from a felony, which requires a jury trial, to a misdemeanor, which does not require a jury trial. He further argues that, for the waiver to have been valid, it should have been in writing or executed on the record in open court. See Ariz. R.Crim. P. 18.1(b).

¶ 8 Defendant compares his situation to that of the defendant in *State v. Frey*, 141 Ariz. 321, 686 P.2d 1291, (App.1984). There, before trial, the trial court stated that it would designate the felony charge as a misdemeanor if the defendant was found guilty. *See id.* at 323, 686 P.2d at 1293. Based on this position and over the defendant's objection, the trial judge tried the case without a jury. *See id.* We held that the trial court had violated the defendant's right to a jury trial and "usurp[ed] the prosecutorial function." *Id.* at 325, 686 P.2d at 1295.

¶ 9 This case is distinguishable from *Frey*. Here, the trial court did not unilaterally reduce the charges. Rather, the State moved to amend the complaint to reduce the charge from a felony to a misdemeanor, a permissible practice. *See State v. Thorne*, 193 Ariz. 137, 138, 971 P.2d 184, 185 (App. 1997); *see also* A.R.S. § 13–702(G) (Supp. 1998–99) (providing that a prosecuting attorney has discretion to charge a class six felony as a class one misdemeanor). Because the State elected to try the offense as a class one misdemeanor, *Frey* is inapplicable to Defendant's situation.

¶ 10 Because the trespass charge was properly designated a misdemeanor, Defendant was not entitled to a jury trial [1] and, therefore, was not entitled to a written or recorded waiver of that right. *See* Ariz. R.Crim. P. 18.1(b).

II. Term of Probation

¶ 11 Defendant next argues that the trial court did not have statutory authority to increase the period of probation from six months to two years. According to Defendant, a trial court may "extend" probation only by one year and only for the purpose of

---

1. A jury trial is guaranteed for serious crimes only. *See Rothweiler v. Superior Court*, 100 Ariz. 37, 41, 410 P.2d 479, 482 (1966); *see also Mungarro v. Riley*, 170 Ariz. 589, 590, 826 P.2d 1215, 1216 (App.1991) (listing three factors used to determine a crime's severity: (1) the harshness of the penalty, (2) the "moral turpitude" of the act, and (3) how the crime was traditionally tried under common law). The class one misdemeanor of criminal trespass has a maximum penalty of up to six months in jail and a maximum fine of $2,500 and therefore does not reach the degree

of severity required for a jury trial. *See* A.R.S. §§ 13–707 (1989), 13–802 (1989); *State v. Tibshraeny*, 189 Ariz. 573, 574, 944 P.2d 515, 516 (App.1997). Second, misdemeanor criminal trespass is not a crime of "moral turpitude." *See Mungarro*, 170 Ariz. at 590, 826 P.2d at 1216 ("moral turpitude" is a "moral quality" that reflects the actor's "honesty, integrity, or personal values"). Finally, at the hearing, defense counsel acknowledged that a jury trial was not warranted for the misdemeanor charges under current Arizona law.

satisfying a restitution order. *See* A.R.S. § 13–902(C) (Supp.1998–99). Defendant claims that by lengthening his probation without statutory authority, the trial court violated his right to due process under the Fourteenth Amendment of the United States Constitution and Article 2, Section 4 of the Arizona Constitution. We disagree.

■ ¶ 12 One convicted of a class one misdemeanor may be placed on probation for as long as three years. *See* A.R.S. § 13–902(A)(5). Upon a finding that Defendant has violated his probation, the court may "modify or add to" the conditions of probation.[2] *See* A.R.S. § 13–901(C) (Supp.1998–99); *see also* Ariz. R.Crim. P. 27.7(c)(2); *Burton v. Superior Court,* 27 Ariz.App. 797, 800, 558 P.2d 992, 995 (1977), *cited in Nieuwenhuis v. Kelly,* 164 Ariz. 603, 606, 795 P.2d 823, 826 (App.1990).

■ ¶ 13 Once the violation was found, a court had the authority to increase the probation period up to the statutory maximum. *See State v. Blackman,* 114 Ariz. 517, 518, 562 P.2d 397, 398 (App.1977) (stating that the court has as much authority to increase the probation to the statutory maximum as to revoke or terminate the probation term); *see also State v. Findler,* 152 Ariz. 385, 386, 732 P.2d 1123, 1124 (App.1987) (court notes that defendant's term of probation was increased after defendant's first violation of probation hearing). To hold otherwise would be illogical. If a defendant violates a term of probation, the trial court may revoke probation and sentence the defendant to imprisonment. *See* A.R.S. § 13–901(C). Thus, the court should also be allowed to impose the lesser sanction of increasing the period of probation imposed, as long as the total probationary period does not exceed the maximum allowed by statute.

¶ 14 The new period of probation here does not exceed the statutory maximum of three years allowed for a class one misdemeanor. *See* A.R.S. § 13–902(A)(5). The court originally ordered Defendant to serve six months' probation. After finding that Defendant violated the terms of his probation, the court reinstated probation for two years, to run from the date of the original probation order. Thus, the new term of probation was well within the statutory maximum.

■ ¶ 15 In his analysis, Defendant confuses the terms "increase" and "extend." He asserts that the trial court has "extended" his probation for two years, in violation of section 13–902(C), a provision that allows the extension of probation beyond the statutory maximum to provide a defendant additional time to pay court-ordered restitution:

> C. When the court has required, as a condition of probation, that the defendant make restitution for any economic loss related to the defendant's offense and that condition has not been satisfied, the court at any time prior to the termination or expiration of probation may *extend* the period within the following limits:
>
> . . . .
>
> 2. For a misdemeanor, not more than one year.

A.R.S. § 13–902(C) (emphasis added). "Extension" refers to a period of probation that exceeds the statutory limits of section 13–902(A), *see State v. Fox,* 153 Ariz. 493, 494, 738 P.2d 364, 365 (App.1986), while "increase" refers to enlarging the period of probation from that originally imposed to a longer one, but one that falls within the statutory limit. *See State v. Blackman,* 114 Ariz. at 518, 562 P.2d at 398. Defendant was neither subjected to a period of probation that exceeded the statutory maximum nor to one that extended beyond the statutory limit to enforce a restitution order. Thus, section 13–902(C) is not applicable here and was not the basis of the court's order.

¶ 16 Because the trial court acted within its statutory authority in increasing Defendant's period of probation following its finding that Defendant violated the terms of his initial period of probation, we affirm. We

---

2. We recognize that a court may modify probation for conditions that might not warrant revocation of probation. *See Green v. Superior Court,* 132 Ariz. 468, 470, 647 P.2d 166, 168 (1982); *see also State v. Korzuch,* 186 Ariz. 190, 193, 920 P.2d 312, 315 (1996). Because Defendant was found to have violated his probation, we need not address these lesser circumstances.

also affirm the trial court's ruling that Defendant was not entitled to a jury trial.

CONCURRING: E.G. NOYES, JR., Judge.

THOMPSON, Judge, concurring.

¶ 17  I agree with the results reached in the majority opinion. I also agree that the trial judge had the authority to continue defendant on probation for two years after he violated probation during the initial six month period. Because my analysis differs, however, I write separately.

¶ 18  A.R.S. § 13–901(A) authorizes a probationary disposition in eligible cases, and § 13–901(B) prescribes that "[t]he period shall be determined according to § 13–902." A.R.S. § 13–902(A) provides that probation for a class 1 misdemeanor "may continue for ... three years." Unless defendant's probation was terminated earlier, the trial court had the authority to order that defendant be supervised for the whole three year period authorized by § 13–902(A). Although the trial court anticipated at the time of the original sentencing that defendant's probation would be terminated within six months, defendant's noncompliance with the conditions of probation obviated that option. Nothing in the statutes suggests that the trial court's initial optimism bound it to an early termination of probation that defendant's conduct ruled out, and reason compels the conclusion that the trial court could continue defendant on probation for up to three years.

¶ 19  The majority finds support for the continuation of probation in this case in the authority to modify the conditions of probation after a finding of probation violation. I do not think that continuing or increasing or extending the *period* of probation constitutes a modification or addition to the *conditions* of probation. Our supreme court apparently concludes otherwise. *See State v. Korzuch,* 186 Ariz. 190, 193, 920 P.2d 312, 315 (1996). But we simply do not need Rule 27 to help us decide this case.

¶ 20  Finally, while *dicta* in *State v. Blackman,* 114 Ariz. 517, 518, 562 P.2d 397, 398 (App.1977) may support the trial court's con-

tinuation of probation beyond the initially projected six-month period, I conclude that the trial court did not need any additional express statutory authority beyond § 13–902(A) to "increase" the probationary period, because the statute set the period at three years "unless terminated sooner." Probation in this case was properly not "terminated sooner" than three years, and, under the statute, defendant is on the hook for three years.