IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| DAMON STOUDAMIRE, | ) | 2 CA-CV 2006-0018 |
| | ) | DEPARTMENT A |
| Plaintiff/Appellant, | ) | |
| | ) | **O P I N I O N** |
| v. | ) | |
| | ) | |
| HON. PAUL SCOTT SIMON, Judge of | ) | |
| the Pima County Justice Court, | ) | |
| | ) | |
| Defendant/Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20055342

Honorable Christopher C. Browning, Judge

AFFIRMED

Stephen A. Houze                                                                Portland, Oregon

 and

Piccarreta & Davis, P.C.
  By Michael L. Piccarreta and Jefferson Keenan                                        Tucson
                                                    Attorneys for Plaintiff/Appellant

Barbara LaWall, Pima County Attorney
  By Taren M. Ellis                                                                    Tucson
                                                    Attorneys for Real Party in Interest

HOWARD, Presiding Judge.

¶1        Appellant Damon Stoudamire appeals from the Pima County Superior Court's denial of relief in his special action challenging the Pima County Justice Court's denial of his request for a jury trial on marijuana and drug paraphernalia possession charges. Stoudamire argues the superior court erred in denying relief because he is entitled to a jury trial under the Organic Act, 48 U.S.C. § 1464, and the Arizona Constitution; he is entitled to a jury trial because he is charged with offenses the legislature considers serious; and the justice court's denial of his request for a jury trial is contrary to the holding in *State ex rel. Dean v. Dolny*, 161 Ariz. 297, 778 P.2d 1193 (1989). Because we conclude Stoudamire is not entitled to a jury trial, we affirm the superior court's ruling.

¶2        The facts relevant to this appeal are not in dispute. On July 3, 2003, Stoudamire was charged with possessing marijuana and drug paraphernalia, class six felonies. The state, pursuant to A.R.S. § 13-702(G)(2), designated the offenses as class one

2

misdemeanors and filed a complaint in justice court. The justice court granted the state's motion to deny Stoudamire a jury trial. Stoudamire filed a complaint for special action in superior court, and the superior court accepted jurisdiction but denied relief.

¶3 We review a superior court's denial of relief in a special action for an abuse of discretion. *Merlina v. Jejna*, 208 Ariz. 1, ¶ 6, 90 P.3d 202, 204 (App. 2004). Whether a defendant is entitled to a jury trial, however, is a question of law and is reviewed de novo. *Urs v. Maricopa County Attorney's Office*, 201 Ariz. 71, ¶ 2, 31 P.3d 845, 846 (App. 2001). An error of law may constitute an abuse of discretion. *State v. Wall*, 212 Ariz. 1, ¶ 12, 126 P.3d 148, 150 (2006).

¶4 Stoudamire argues that the Organic Act and the Arizona Constitution guarantee the right to a jury trial to any defendant who would have been entitled to a jury trial prior to statehood. Citing Territorial Bill of Rights, Ch. 11, Pt. 1, §§ 3-5, Stoudamire contends that, because, under territorial law, "[n]o person [could] be convicted of a public offense, unless by a verdict of a jury," and both felonies and misdemeanors were public offenses, he would have been entitled to a jury trial prior to statehood. The essence of Stoudamire's claim is that, if possession of marijuana had been unlawful when the Arizona Constitution was adopted, he would have been entitled to a jury trial.

¶5 Article II, § 23 of the Arizona Constitution provides: "The right of trial by jury shall remain inviolate." In *Derendal v. Griffith*, 209 Ariz. 416, ¶ 36, 104 P.3d 147, 156 (2005), the Arizona Supreme Court held this provision preserves the right to a jury trial for

3

any offense that has a "common law antecedent that guaranteed a right to trial by jury at the time of Arizona statehood." Consequently, a court must examine "whether substantially similar elements comprise the common law offense and the offense charged." *Id.*

¶6        Neither possession of marijuana nor possession of drug paraphernalia was a crime at the time of statehood. The Arizona legislature made possession of marijuana illegal in 1931 when it passed the Arizona Narcotic Control Act. 1931 Ariz. Sess. Laws, ch. 36, § 3. The legislature made possession of drug paraphernalia illegal in 1982. 1982 Ariz. Sess. Laws, ch. 216, § 1. Stoudamire notes that, although possession of marijuana was not illegal at the time of statehood, possession of opium was. But possession of opium involves an entirely different drug and, therefore, does not have "substantially similar elements" to possession of marijuana.[1] Because we conclude that neither charged offense has a common law antecedent offense,[2] article II, § 23 does not protect Stoudamire's right to a jury trial on these charges.

¶7        Nevertheless, Stoudamire argues that the supreme court has "abandoned its constitutional duty to interpret [the] constitutional guarantee of the right to [a] jury trial with reference to Arizona common law, Arizona's territorial heritage and the prior well-established customs of the territory." But we are bound by our supreme court's decisions.

---

[1]The 1901 Revised Statutes of Arizona contain no references to marijuana.

[2]We note that, although the supreme court in *State ex rel. Dean v. Dolny*, 161 Ariz. 297, 301, 778 P.2d 1193, 1197 (1989), vacated this court's opinion, the court acknowledged and did not disapprove this court's determination that "no common law counterpart to possession of marijuana existed" in Arizona. *Id*. at 299, 778 P.2d at 1195.

*See State v. Smyers*, 207 Ariz. 314, n.4, 86 P.3d 370, 374 n.4 (2004). As a result, we must reject this argument and apply the rule established in *Derendal*.

**¶8** Stoudamire next argues that he is entitled to a jury trial because he is charged with offenses "the legislature clearly considers serious both in terms of the maximum authorized sentence and the serious statutory consequences that result from a conviction." Under *Derendal*, a criminal defendant charged with an offense that does not have a common law antecedent may still have the right to a jury trial under article II, § 24, which states: "In criminal prosecutions, the accused shall have the right to . . . a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed." This protection applies to offenses that are "serious" for jury trial purposes as opposed to "petty." *Derendal*, 209 Ariz. 416, ¶ 37, 104 P.3d at 156. A rebuttable presumption that an offense is petty arises when an offense is classified "as a misdemeanor punishable by no more than six months incarceration." *Id*. The presumption is rebutted only when the defendant "demonstrat[es] that the offense carries additional severe, direct, uniformly applied, statutory consequences that reflect the legislature's judgment that the offense is serious." *Id*. When analyzing whether a charge is serious for the purposes of jury eligibility, courts consider the potential punishment for the crime as it has been charged. *Amancio v. Forster*, 196 Ariz. 95, ¶ 16, 993 P.2d 1059, 1062 (App. 1999) (potential penalty as charged determined right to jury trial on unlawful imprisonment charge that could have been charged as class six felony but that had been charged as misdemeanor); *see State ex rel. Dean v. Dolny*, 161

5

Ariz. 297, 299, 778 P.2d 1193, 1195 (1989) (supreme court analyzed issue based on possible six-month jail term when prosecutor had charged possession of marijuana as misdemeanor); *see also State v. Quintana*, 195 Ariz. 325, ¶¶ 9-10, 987 P.2d 811, 813 (App. 1999).

**¶9** The legislature has authorized a prosecutor to charge a class six felony as a class one misdemeanor under A.R.S. § 13-702(G), which the prosecutor elected to do in this case. A class one misdemeanor carries a fine of up to $2,500 and a maximum term of incarceration of six months. *See* A.R.S. §§ 13-802(A), 13-707(A)(1). And the penalties for possession of controlled substances and drug paraphernalia are further restricted by A.R.S. § 13-901.01. Section 13-901.01(A) states that, if a defendant is convicted for the first time of "personal possession . . . of a controlled substance . . . [t]he court shall suspend the imposition or execution of sentence and place such person on probation." Based on these statutes, we conclude that the legislature has expressed its view that the seriousness of these crimes when they are first offenses does not justify any term of imprisonment. *See State v. Estrada*, 201 Ariz. 247, ¶ 20, 34 P.3d 356, 360-61 (2001). But, even if this would not be Stoudamire's first conviction for possession of controlled substances, the maximum term of imprisonment for the offenses with which he is charged is six months. Therefore, the presumption under *Derendal* is that Stoudamire's alleged crimes are not "serious."

**¶10** Even so, Stoudamire contends that both offenses are serious because they are potentially class six felonies, which can be punished by up to two years in prison.

6

Stoudamire relies on the language in *Blanton v. City of North Las Vegas*, 489 U.S. 538, 109 S. Ct. 1289 (1989), and *Derendal*, 209 Ariz. 416, ¶ 16, 104 P.3d at 152, concerning "maximum statutory penalt[ies]" to argue that a reduction in the potential penalty pursuant to § 13-702 is not relevant for purposes of determining a defendant's entitlement to a jury trial. But neither *Blanton* nor *Derendal* dealt with the issue of a reduction of the class of the offenses as charged pursuant to § 13-702.

¶11 Furthermore, in *Blanton*, the supreme court recognized the importance of the maximum statutory penalty as reflecting the "legislature's view of the seriousness of an offense." 489 U.S. at 542, 109 S. Ct. at 1292. The judiciary is not to substitute its judgment of the seriousness of an offense for that of the legislature. *Id.* at 541-42, 109 S. Ct. at 1292. As stated above, allowing the prosecutor to charge an offense as a misdemeanor reflects the legislature's view of the seriousness of these crimes. Additionally, the supreme court in *Blanton* held that "a defendant is entitled to a jury trial whenever the offense *for which he is charged* carries a maximum authorized prison term of greater than six months." *Id*. at 542, 109 S. Ct. at 1293 (emphasis added). Therefore, we do not violate the reasoning of *Blanton* when we analyze the seriousness of the offenses here by considering the penalty for those offenses as charged. And, neither *Blanton* nor *Derendal* overruled or undermined the holdings in *Amancio* and *Quintana*.

¶12 Alternatively, Stoudamire argues that he can overcome the presumption that the charges against him are petty because there are significant collateral consequences

attached to a conviction for possession of marijuana or drug paraphernalia. To overcome the presumption, Stoudamire must show "that the offense[s] carr[y] additional severe, direct, uniformly applied, statutory consequences that reflect the legislature's judgment that the offense is serious." *Derendal*, 209 Ariz. 416, ¶ 37, 104 P.3d at 156. Stoudamire acknowledges that *Derendal* precludes consideration of occupational restrictions because they are not "uniformly applied." *Id.* But he only enumerates professions whose licensing requirements would be affected by a conviction for possession of marijuana to support his argument, he does not demonstrate that such licensing restrictions are uniform. We are bound by the supreme court's holding in *Derendal, see Smyers*, 207 Ariz. 314, n.4, 86 P.3d at 374 n.4, and find that Stoudamire has not overcome the presumption that the charges against him are petty. Having failed to establish either element of the *Derendal* test, Stoudamire is not entitled to a jury trial.

¶13            Finally, Stoudamire argues that, because the Arizona Supreme Court's decision in *Dolny* has not been overruled, he is entitled to a jury trial. Stoudamire is correct that the supreme court held in *Dolny*: "[U]nder *Rothweiler* [*v. Superior Court*, 100 Ariz. 37, 410 P.2d 479 (1966),] a misdemeanor charge of possession of marijuana is sufficiently serious to warrant a jury trial, primarily because of the potentially grave consequences, together with the potential direct punishment, resulting from a conviction." 161 Ariz. at 301, 778 P.2d at 1197. But *Derendal* expressly overruled *Dolny* to the extent it cited the "grave consequences" of a conviction in determining the right to a jury trial for a

8

misdemeanor criminal offense. 209 Ariz. 416, n.8, 104 P.3d at 154 n.8; *cf. Abuhl v. Howell*, ___ Ariz. ___, ¶¶ 8-9, 135 P.3d 68, 69 (App. 2006). Furthermore, the penalties for possession of marijuana and possession of drug paraphernalia have been reduced since *Dolny* under § 13-901.01. Because the grave consequences factor was the primary focus and basis of the court's holding in *Dolny*, and because the penalties have changed, that case is no longer controlling on the issue presented here. Therefore, *Dolny* is not helpful to Stoudamire.

**¶14** For the foregoing reasons, we affirm the superior court's judgment denying Stoudamire a jury trial.

_____
JOSEPH W. HOWARD, Presiding Judge

CONCURRING:

_____
JOHN PELANDER, Chief Judge

_____
GARYE L. VÁSQUEZ, Judge