178 P.3d 480

**STATE of Arizona, Appellee,**

v.

**Michael Ryan WILLIS, Appellant.**

**No. 1 CA–CR 07–0270.**

Court of Appeals of Arizona,
Division 1, Department C.

March 11, 2008.

Terry Goddard, Arizona Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section, Phoenix.

Bruce Peterson, Acting Legal Advocate By Susan L. Corey, Deputy Legal Advocate, Phoenix.

## OPINION

KESSLER, Judge.

¶ 1 Michael Ryan Willis ("Willis") filed an *Anders* appeal from his conviction of criminal trespass in the first degree, a class one misdemeanor. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Willis' attorney did not identify any issues on appeal. We provided Willis the opportunity to file a *pro per* supplemental brief, but he did not exercise that opportunity. While our review of the record does not reveal any arguable issue of fundamental error, we have found an issue of first impression—whether Willis is entitled to a jury trial for the charge of misdemeanor trespass.[1] We hold that he was not, that there was no fundamental error, and we affirm his conviction and sentence.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 The State initially charged Willis with first degree trespass as a class six felony, but redesignated the crime as a class one misdemeanor. At a bench trial, four witnesses testified, including the defendant.

¶ 3 In July 2004 Willis chose to visit his half-brothers at their residence, where they

---

1. Although we have found an issue of first impression, we consider the disposition so clear that the contrary position is not arguable. Because there is no arguable issue, *Penson* does not require supplemental briefing. *See Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *State v. Clark,* 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App.1999).

**10**

live with their mother ("Mother"), and attempted to restore a broken relationship with them.[2] Willis had frequently attempted to contact his half-brothers by telephone and through the mail, but no member of the household responded to his efforts. Willis had never been invited to the home. He knocked on the front door and heard no response. He then went to the back door, knocked again, and still received no response. He tried the back door, found it unlocked, entered the residence, and remained there for approximately two minutes. While there, he wrote two notes to members of the household, signed them, and left them on the premises. Later that morning Willis' half-brother Aaron found one of the notes and showed it to his mother, who called the police.

¶ 4 Prior to the above events, Willis' step-mother had not seen Willis for over two years. He had never been in his step-mother's apartment and never been invited to the apartment. Earlier in 2004, he had left what his step-mother termed vulgar messages on her answering machine, prompting her to inform him she wanted no contact with him. One of Willis' half-brothers who lived with the step-mother testified that he never recalled having a relationship with Willis, did not want to have a relationship with him, and did not love him.

¶ 5 The superior court found Willis guilty. At sentencing, the court heard victim impact statements and statements from the defendant and his supporters, and sentenced Willis to one year probation. Willis filed a timely notice of appeal and this court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 13-4033(A)(1) (2001).

### DISCUSSION

¶ 6 We will discuss the sufficiency of the evidence and the propriety of trying this case to the bench rather than to a jury. Since the evidence is sufficient to sustain the verdict, Willis has no right to a jury trial in this case, and the record reveals no fundamental error, we affirm.

### Sufficiency of the Evidence

■ ¶ 7 On appeal, we view the evidence in the light most favorable to sustaining the conviction. *State v. Guerra,* 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989). "A person commits criminal trespass in the first degree by knowingly: . . . [e]ntering or remaining unlawfully in or on a residential structure." A.R.S. § 13-1504(A)(1) (Supp.2007).

¶ 8 Here, ample uncontroverted evidence supports the conclusion that Willis violated the statute. One victim found the note which Willis had written and left behind in the home. Another victim looked at the note and confirmed that the handwriting on the note matches that of Willis. Willis himself admitted entering the victim's home and leaving the note. Mother testified that the place Willis left the note was a part of her home and that she had not invited Willis into her home. Willis admitted that he knew he was entering the victim's home and that he had not been invited. The evidence, including Willis' admission, demonstrates that he knowingly entered unlawfully into the Mother's residence, and therefore supports the guilty verdict.

### Propriety of a Bench Trial

■ ¶ 9 Willis received a bench trial rather than a jury trial in this case. Whether he is entitled to a jury trial is a question of law, which we review de novo. *Stoudamire v. Simon,* 213 Ariz. 296, 297, ¶ 3, 141 P.3d 776, 777 (App.2006).

■ ¶ 10 Willis, standing accused of trespass as a class one misdemeanor, had no right to a jury trial. We recognize that "the right to [a] jury trial in criminal cases [is] fundamental to our system of justice." *Duncan v. Louisiana,* 391 U.S. 145, 153, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Both the Sixth Amendment to the United States Constitution and Article 2, Sections 23 and 24 of the Arizona Constitution protect a right to trial by jury. *Derendal v. Griffith,* 209 Ariz. 416, 419, ¶¶ 6–7, 104 P.3d 147, 150 (2005). Under *Derendal,* the Arizona Constitution requires a two pronged inquiry into: (1) whether a defendant would have been entitled to a jury

2. Willis is not related to the mother of his half-     brothers.

trial under an antecedent common law offense at the time of statehood; and if not, (2) whether the penalty is sufficiently severe to require a jury trial. *Id.* at 425, ¶¶ 36–37, 104 P.3d at 156. Meeting either criterion is sufficient to guarantee a jury trial under Arizona law. We hold that no jury trial is required under either constitutional provision.

¶ 11 First, Article 2, Section 23 of the Arizona Constitution provides that a jury trial is required for any offense subject to a common law guarantee of a jury. *Id.* at 419, ¶ 9, 104 P.3d at 150. Once a common law, jury-guaranteed offense is found, we determine whether the common law offense and the modern statutory offense are sufficiently similar to require a jury trial by closely examining the elements of the offenses and the state policy underlying the prohibition. *See Crowell v. Jejna,* 215 Ariz. 534, 538–39, ¶¶ 13, 20, 161 P.3d 577, 581–82 (App.2007). *Crowell* found that violation of a City of Scottsdale nude dancing ordinance did not require a jury trial because it was not substantially similar to the common law offense of indecent exposure. *Id.* at 540, ¶¶ 23–24, 161 P.3d at 583. Specifically, the ordinance proscribed far less conduct than the common law offense, and reflected a shift in policy from banning all nudity to regulating it to minimize its secondary effects. *Id.* at 538–39, ¶¶ 15–17, 20, 161 P.3d at 581–82. The substantial change in coverage and policy in the law adequately reflected a different offense, and the right to trial by jury did not carry over.

¶ 12 No Arizona cases have addressed this precise concern since *Derendal.*[3] We hold that Article 2, Section 23 does not guarantee the right to a jury trial for misdemeanor trespass because criminal trespass at common law had breach of the peace as an element of the offense, which the modern statutory offense does not require.[4] It is clear that common law required breach of the peace as an element of trespass. *Bouie*

*v. City of Columbia,* 378 U.S. 347, 358, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); *United States v. Bishop,* 261 F.Supp. 969, 971 (N.D.Cal.1966); 3 Wayne R. LaFave, *Substantive Criminal Law* § 21.2, at 224 (2d ed.2003); 87 C.J.S. *Trespass* § 172 (2000). In contrast, first degree trespass has no element requiring breach of the peace, and involves merely unlawful presence in the residence of another. A.R.S. § 13–1504(A)(1). This distinction makes Arizona's criminal trespass law far broader than the common law offense. LaFave, *supra.* Trespass has been broadened because the statute now serves a different state interest. *Id.* Trespass laws once solely served to protect the public from violence; however, modern trespass statutes protect a landowner's interest in excluding others with criminal penalties, while the common law found civil sanctions sufficient to protect this interest. *Id.* Since current Arizona law applies far more broadly than criminal trespass at the common law, and it reflects a serious policy shift in state law, common law criminal trespass is not an antecedent to modern criminal trespass, and no jury trial right attaches under Article 2, Section 23.

¶ 13 Since the first prong of *Derendal* is not satisfied, we consider whether the penalty for misdemeanor trespass is severe enough to warrant trial by jury. Article 2, Section 24 requires a jury trial for all serious crimes. *Derendal,* 209 Ariz. at 420, ¶ 13, 104 P.3d at 151. This guarantee tracks the jury guarantee of the Sixth Amendment to the United States Constitution. *Id.* The seriousness of a crime depends principally on the severity of the penalty, and for purposes of the constitutional right to jury trial, inquiry is always made based on the maximum penalty for the offense charged. *Id.* at 422, ¶ 21, 104 P.3d at 152; *see also Stoudamire,* 213 Ariz. at 299, ¶ 11, 141 P.3d at 779 (holding that maximum penalty for *Derendal/Blanton* purposes depends on the maximum penalty as the offense has been charged, not the

---

**3.** *State v. Quintana* held that no right to jury trial exists for misdemeanor trespass. 195 Ariz. 325, 327, ¶ 10, 987 P.2d 811, 813 (App.1999). We still consider this an issue of first impression because *Quintana* was decided before *Derendal,* and used the *Rothweiler* analysis. *See id.* at 327 n. 1, ¶ 10, 987 P.2d 811, 987 P.2d at 813 n. 1

(citing *Rothweiler v. Superior Court,* 100 Ariz. 37, 41, 410 P.2d 479, 482 (1966)).

**4.** We assume that the common law provided a jury trial for criminal trespass.

maximum penalty based on how the offense could have been charged); *Quintana*, 195 Ariz. at 327 n. 1, ¶ 10, 987 P.2d at 813 n. 1 (charging decision controls maximum possible penalty for purposes of determining presumptive pettiness).

¶ 14 An offense with a maximum penalty of six months incarceration or less is presumptively petty, and not entitled to a jury trial. *Derendal*, 209 Ariz. at 422, ¶ 21, 104 P.3d at 153; *Stoudamire*, 213 Ariz. at 298, ¶ 8, 141 P.3d at 778; *accord Blanton v. City of N. Las Vegas*, 489 U.S. 538, 543, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). Willis was subject to a maximum incarceration of six months. A.R.S. § 13–707(A)(1) (2001). Given the brevity of the maximum period of incarceration, we presume that the penalty is not serious for Article 2, Section 24 purposes.

¶ 15 To rebut such a presumption, Willis must show additional statutory penalties severe enough to elevate the offense to a serious one to secure the right to a jury trial. *Derendal*, 209 Ariz. at 422, ¶¶ 21–23, 104 P.3d at 153; *accord Blanton*, 489 U.S. at 542, 109 S.Ct. 1289. No statutory consequence renders the punishment serious enough to warrant a jury trial under the second *Derendal* prong.

¶ 16 To meet this standard, the additional punishment must arise directly from the statute, the consequence must be severe, and it must apply uniformly to all persons convicted. *Derendal*, 209 Ariz. at 422–23, ¶¶ 23–25, 104 P.3d at 153–54; *Stoudamire*, 213 Ariz. at 298, ¶ 8, 141 P.3d at 778. A.R.S. § 13–3601(A)(1) (Supp.2007) designates this case as a statutory domestic violence offense. Pursuant to A.R.S. § 13–3601.01(A) (2001), the superior court ordered Willis to complete an approved domestic violence program. For domestic violence classes to trigger a constitutional right to a jury trial, they must constitute a "severe" penalty. *Derendal*, 209 Ariz. at 423, ¶ 24, 104 P.3d at 154. A penalty is severe only if it " 'approximate[s] in severity the loss of liberty that a prison term entails.' " *Id.* (quoting *Blanton*, 489 U.S. at 542, 109 S.Ct. 1289). The Arizona Supreme Court has held penalties such as a one thousand dollar fine,

the loss of a driver's license, or the loss of a liquor license not sufficiently serious to trigger the constitutional requirement of a jury trial. *Derendal*, 209 Ariz. at 423, ¶ 24, 104 P.3d at 154. By contrast, registration as a sex offender is severe, as it entails lifelong registration requirements, publicity as an offender, and failure to meet these requirements may be a class 4 or 6 felony. *Fushek v. State*, No. CV–07–0251–PR, 218 Ariz. 285, 291–92, 183 P.3d 536, 542–43, 2008 WL 384376 at *4–5, ¶¶ 22–26 (Ariz. Feb.14, 2008) The loss of liberty suffered by a defendant who must take domestic violence classes does not approximate incarceration, and is less than the loss of a liquor license, driver's license, or one thousand dollars. It pales in comparison to the onerous conditions of sex offender registration. The punitive strength of rehabilitive courses is constitutionally "*de minimis*". *See Blanton*, 489 U.S. at 544 n. 9, 109 S.Ct. 1289 (holding that alcohol abuse course insufficient to trigger jury trial right for defendant convicted of DUI). Hence the requirement that Willis attend domestic violence courses pursuant to A.R.S. § 13–3601.01(A) is not serious enough to trigger the requirement of a jury trial.

¶ 17 An additional potential consequence of Willis' conviction is that he will be subject to a minimum incarceration of four months in the event of two future domestic violence convictions. A.R.S. § 13–3601.02(B) (Supp.2007); *State v. Gaynor–Fonte*, 211 Ariz. 516, 518, ¶ 8, 123 P.3d 1153, 1155 (App. 2005). This potential sentencing enhancement does not equally affect all persons convicted of domestic violence offenses and is not uniformly applied; hence, it does not trigger the right to a jury. The seriousness of an offense is determined by "the offense, rather than ... the impact of a conviction on an individual defendant" and, enhancements must be applied uniformly to warrant consideration. *Derendal*, 209 Ariz. at 423, ¶ 25, 104 P.3d at 154. An enhancement is uniformly applied if the sentencing judge has the discretion to apply it to any person convicted under that charge. *Fushek*, 218 Ariz. at 289-90, 183 P.3d at 540–41, 2008 WL 384376, at *3, ¶ 16. The sentencing judge has no discretion to sentence for future offenses, and

since not all offenders will commit a second offense, the sentencing enhancement for recidivism does not impact equally all persons convicted of their first domestic violence offense. *See Blanton,* 489 U.S. at 545, 109 S.Ct. 1289. Accordingly, the mere possibility of a future sentencing enhancement is not sufficient to make the offense serious for the purpose of giving the defendant a constitutional right to a jury trial.

¶ 18 Willis had no right to a jury trial in his misdemeanor trespass case. It has no common law antecedent, and hence is not covered by Article 2, Section 23. It also lacks any severe uniformly applied penalty and therefore does not qualify for protection under Article 2, Section 24. Willis' trial to the bench was proper.

**Fundamental Error**

¶ 19 We have reviewed the remainder of the record, and find no fundamental error. Willis was present and represented by counsel at all critical stages of the trial. At sentencing, Willis and his counsel had an opportunity to speak. The sentence was within the scope permitted by law.

## CONCLUSION

¶ 20 We affirm Willis' conviction and sentence. After the filing of this decision, Willis' counsel's obligations in this appeal are at an end. *State v. Shattuck,* 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Counsel need merely inform Willis of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *Id.* Willis has thirty days from the date of this decision to proceed, if desired, with a *pro per* petition for review.

CONCURRING: MICHAEL J. BROWN, Presiding Judge and LAWRENCE F. WINTHROP, Judge.