NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant,*

*v.*

ROBERT LEE PIGGEE, *Appellee.*

No. 1 CA-CR 18-0307
FILED 11-1-2018

Appeal from the Superior Court in Maricopa County
No. CR 2013-443730-001
The Honorable Ronda R. Fisk, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellant*

Maricopa County Office of the Legal Advocate, Phoenix
By Andrew Charles Marcy
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1        Robert Lee Piggee timely appeals from his convictions and sentences for possession of marijuana and possession of drug paraphernalia. After searching the record on appeal and finding no arguable question of law that was not frivolous, Piggee's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted counsel's motion to allow Piggee to file a supplemental brief *in propria persona*, but Piggee did not do so. After reviewing the entire record, we find no reversible error and, therefore, affirm Piggee's convictions and sentences.

**BACKGROUND**[1]

¶2        Late one night, police officer Andrew Lee was on patrol in Tempe. Lee observed a vehicle being driven without its headlights on and pulled the car over. Lee approached the driver side of the car and, after contacting the driver Piggee, noticed the odor of marijuana coming from the cabin of the vehicle. Lee shined his flashlight into the vehicle and saw a green leafy substance on Piggee's lap. Based on his experience and training, Lee believed the substance to be marijuana. Lee searched the car and found more scattered marijuana as well as a plastic baggie containing what the officer believed to be marijuana. In response to Lee's subsequent questions, Piggee admitted that the marijuana was his. Although Piggee told Officer Lee that he had a valid prescription for medical marijuana, he did not produce—and to date has not produced—any documentation or evidence of that prescription. Officer Lee took the marijuana and plastic baggie into evidence.

---

[1] We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Piggee. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶3      Although Piggee was initially charged with possession of marijuana and possession of paraphernalia as class six felonies, the State filed a motion to designate both counts as class one misdemeanors in accordance with Arizona Revised Statutes ("A.R.S.") § 13-604(B). The court granted the motion, and the matter proceeded to a bench trial. After trial, the court found Piggee guilty on both counts, suspended imposition of sentence, and placed Piggee on unsupervised probation for one year.

## DISCUSSION

¶4      We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Piggee received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the trial court correctly determined that Piggee was not entitled to a jury trial. *See Stoudamire v. Simon*, 213 Ariz. 296, 298, ¶ 6 (App. 2006) (concluding that a defendant is not entitled to a jury trial for misdemeanor marijuana and drug paraphernalia possession offenses).

¶5      The evidence presented at trial was substantial and supports the verdicts. Piggee was given an opportunity to speak at sentencing, and the imposed probation term was proper under Ariz. Rev. Stat. § 13-901.01.

## CONCLUSION

¶6      We affirm Piggee's convictions and probation term. Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Piggee of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Piggee has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

3